**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| C.C.M., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 26-1323 |
| v. | ) | |
| | ) | |
| WOLFORD, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## MEMORANDUM OPINION

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed by C.C.M., a native and citizen of Ecuador. On July 29, 2026, Kurt Wolford, et al., ("Respondents") filed a response to the petition (ECF No. 11), and on August 5, 2026, C.C.M. filed a reply (ECF No. 13). The court concludes that it needs supplemental briefing from both parties.

### I. Background

C.C.M. states that, fearing violence in Ecuador on account of her gender and sexual identity, she entered the United States without inspection in 2003 and, for the past 23 years, has lived in the United States as "a transgender woman who is attracted to men" (ECF No. 1 at 1–4). During this period, C.C.M. obtained employment, went to English classes, and pled guilty to various criminal offenses (*Id.* at 5). On or about August 22, 2025, C.C.M. was arrested by police in New York, accused of petit larceny, and "transferred to the custody of Immigration and Customs Enforcement ('ICE')" (*Id.* at 2, 5). She has been detained since that date and is currently detained in the all-male housing unit at Cambria Country Prison in Ebensburg, Pennsylvania (*Id.* at 2, 8).

On March 2, 2026, an immigration judge denied all forms of relief, which C.C.M. timely

appealed to the Board of Immigration Appeals (*Id.* at 7; ECF No. 11-1 at 13). In the last update from the parties, they report that this appeal is still pending (ECF No. 1 at 7).

Citing the four-factor test found in *German Santos v. Warden Pike County Correctional Facility,* 965 F.3d 203 (3d Cir. 2020), "C.C.M. challenges her indefinite, prolonged detention as a violation of the Due Process Clause of the Fifth Amendment" and asserts that *German Santos* applies to her detention, regardless which immigration detention statute applies to her (*Id.* at 7–18). She contends that she has been detained for eleven months (now over twelve months), her detention is likely to continue as appellate review proceeds, she has not delayed her removal proceedings, and "the conditions at Cambria County Prison are not 'meaningfully different from criminal punishment'" (*Id.* at 13–18). As relief, C.C.M. "asks this Court to grant a writ of habeas corpus and order Respondents to provide her with a bond hearing at which the U.S. Department of Homeland Security ('DHS') bears the burden to prove by clear and convincing evidence that C.C.M. poses a danger or flight risk that cannot be mitigated by bond and/or alternatives to detention, and where the adjudicator must consider alternatives to detention when assessing danger and flight risk and C.C.M.'s ability to pay when setting a bond amount" (*Id.* at 7).

Respondents assert that C.C.M. is mandatorily detained under § 1226(c) or § 1225(b) and her due process claim lacks merit (ECF No. 11 at 6–19). Arguing that the *German Santos* factors do not weigh in her favor, Respondents contend that C.C.M.'s length of detention is "well short of the 'two-and-a-half years long' detention" experienced by the *German Santos* petitioner, she is approaching the end of her removal proceedings, the government has not improperly delayed the proceedings, and her detention in Cambria County Prison is civil in nature (*Id.* at 12–19).

**II. Legal Analysis**

Based upon the reasoning of the Third Circuit Court of Appeals in *Buele Morocho v.*

*Warden Philadelphia FDC*, No. 26-1150, 2026 WL 2546223 (3rd Cir. Aug. 28, 2026), the court finds that C.C.M. is not properly detained under § 1225(b), so C.C.M. must be detained under § 1226(a) (arrest, detention, and release) or § 1226(c) (detention of criminal aliens).

The *German Santos* factors are properly applied to either detention statute. *See German Santos*, 965 F.3d at 210 (finding that an alien detained under § 1226(c) for an unreasonably prolonged period has a due process right to a bond hearing); *Fadel v. Warden of Moshannon Valley ICE Processing Ctr*., No. 3:26-cv-00625, 2026 WL 1649901, at *2–3 (W.D. Pa. June 8, 2026) (finding Third Circuit Court of Appeals precedent does not categorically foreclose a bond hearing for § 1226(a) detainees experiencing unreasonably prolonged detention and applying the *German Santos* factors). Under those rationales, in order to determine whether C.C.M.'s detention has become unreasonable, the court will conduct an analysis of the four *German Santos* factors: (i) the duration of detention; (ii) whether the detention is likely to continue; (iii) reasons for the delay; and (iv) whether the detainee's conditions of confinement are "meaningfully different from criminal punishment." *See German Santos*, 965 F.3d at 210–11. Among those factors, "[t]he most important factor is the duration of detention." *Id.* at 211.

Applying those factors here, the court concludes that C.C.M.'s detention has become unreasonable and violates due process. Although there is no bright-line threshold of unreasonable duration, "[c]ourts within this circuit have previously found detention for over one year weighs in favor of the petitioner[,]" (*see Nyamekye v. Oddo*, No. CV 22-240J, 2023 WL 9271844, at *3 (W.D. Pa. Mar. 28, 2023), R&R adopted, No. CR 3:22-CV-240, 2023 WL 9271879 (W.D. Pa. May 4, 2023)), and C.C.M. has been detained for over one year. *See* ECF No. 1 at 13. Her detention is likely to continue because she is awaiting BIA decision and "would be entitled to file a petition for review" of an unfavorable BIA decision to the Third Circuit Court of Appeals. *See*

*id.* at 15; *see also German Santos*, 965 F.3d at 212 (finding this factor weighed in the petitioner's favor where he was awaiting BIA decision and potential appellate review). There are no allegations that either party caused delays in the underlying proceedings. *See* ECF No. 1 at 15-16; ECF No. 11 at 14.

With respect to the conditions of confinement, C.C.M. is detained in Cambria County Prison, which, pursuant to a federal contract between ICE and the prison, houses both criminal prisoners and civil immigration detainees. *See* ECF No. 11 at 15. In Cambria County Prison, C.C.M. alleges that "she is forced to wear a uniform; prison staff assign her residential unit according to security status; her unit houses more than 60 individuals who all share sleeping quarters and communal toilets; she observes violent interactions between other detainees; prison staff threaten solitary confinement as punishment; prison staff control the employment opportunities; and access to medical care is restricted and often denied by prison officials." *See* ECF No. 1 at 17 (citing C.C.M.'s Declaration). Respondents do not offer any evidence in rebuttal. *See* ECF No. 11 at 15. Based upon the undisputed fact before the court, C.C.M.'s conditions of confinement are not meaningfully different from criminal punishment. *See German Santos*, 965 F.3d at 212–213 (finding that this factor weighed in the petitioner's favor where he was housed with criminal detainees and confined to his cell for extensive periods).

Upon concluding that the first, second, and fourth factor weigh in C.C.M.'s favor, while the third remains neutral, the court finds that C.C.M.'s detention has become unreasonable and intends to direct that C.C.M. be afforded a constitutionally adequate bond hearing before an immigration judge.[1]

[1] The court notes that the relief available under *German Santos* is an individualized bond hearing, not release. *German Santos*, 965 F.3d at 210 ("DUE PROCESS AFFORDS ALIENS DETAINED UNDER § 1226(C) A BOND HEARING ONCE DETENTION BECOMES UNREASONABLE"); *Fadel*, 2026 WL 1649901, at *5 (granting bond hearing, not release).

Based upon the information before it, however, the court is unable to determine which party shall bear the burden of proof at this initial bond hearing. It is well-recognized that § 1226(c) petitioners receive a burden-shifted bond hearing under *German Santos*, but under *Borbot v. Warden Hudson County Corrections Facility*, 906 F.3d 274, 276 (3d Cir. 2018), a burden-shifted hearing for § 1226(a) petitioners is prohibited. *See, e.g.*, *Abdoulaye Ba v. Oddo*, No. 26-1466, 2026 WL 2529806, at *2 (W.D. Pa. Aug. 27, 2026)); *but see Bah v. Oddo*, No. 3:26-CV-01393, 2026 WL 2561261, at *4 (W.D. Pa. Aug. 31, 2026) (Horan, J.); *Soto-Diaz v. Moshannon Valley Processing Center*, No. 3:26-CV-1152 (W.D. Pa. Sep. 22, 2026) (Schwab, J.).

On this record, the court is unable to determine whether C.C.M. is properly detained under § 1226(c) or § 1226(a) because neither party filed the pertinent criminal records. *See generally* ECF Nos. 1; 11; 13. The court, therefore, will order each party to file a supplemental brief on or before October 22, 2026, addressing whether C.C.M. is detained under § 1226(a) or § 1226(c) and providing the relevant criminal records where necessary.

**III. Conclusion**

For the reasons set forth above, the Petition for Writ of Habeas Corpus, (ECF No. 1), will be TAKEN UNDER ADVISEMENT. An appropriate order follows.

BY THE COURT:

Dated: October 8, 2026

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge