**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| C.C.M., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 26-1323 |
| v. | ) | |
| | ) | |
| WOLFORD, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Pending before the court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) filed by C.C.M., a native and citizen of Ecuador. On July 29, 2026, Kurt Wolford, et al., ("Respondents") filed a response to the petition (ECF No. 11), and on August 5, 2026, C.C.M. filed a reply (ECF No. 13). The petition is ripe for decision.

On October 8, 2026, this court issued a Memorandum Opinion (ECF No. 14) and Order (ECF No. 15), concluding that C.C.M. was owed a constitutionally adequate bond hearing before an immigration judge under *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020). Yet, the court determined that more information was needed from the parties to determine the proper detention statute and applicable burden of proof at this initial bond hearing, so it ordered both parties to file supplemental briefs and C.C.M.'s criminal record by October 22, 2026 (ECF No. 14 at 5).

Upon reviewing the parties' supplemental briefs and the criminal record provided by Respondents, the court concludes that C.C.M. is mandatorily detained under § 1226(c) because both parties agree that C.C.M. meets the criteria for detention under § 1226(c) (ECF No. 19 at 8-

9; ECF No. 18 at 1).[1] As such, following *German Santos,* C.C.M. is entitled to an individualized bond hearing before an immigration judge where the burden of proof will be placed upon the government. *See German Santos,* 965 F.3d at 213–14 (concluding that, where a § 1226(c) petitioner's detention had become unreasonable, the government must present clear and convincing evidence to support a finding that continued detention is needed to prevent the petitioner from fleeing or harming the community).

For the reasons set forth above, the court will **GRANT** the Petition for Writ of Habeas Corpus (ECF No. 1), in so much as it requests that the court direct that she be afforded a constitutionally adequate bond hearing before an immigration judge with the government bearing the burden of proof and will **DENY** the petition in all other respects.[2] C.C.M.'s Motion for Immediate Release or Modification of the Scheduling Order (ECF No. 16) is **DENIED** as well.[3]

An appropriate order follows.

BY THE COURT:

Dated: November 9, 2026

s/Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge

[1] Although C.C.M. also alleges that the Laken Riley Act itself is unconstitutional as applied to her, she does so for the first time in her reply (ECF No. 13 at 14-20), and a petitioner cannot amend her petition by asserting new claims in subsequent filings. *See Mack v. Oliver*, No. 2:21-CV-593, 2024 WL 1468376, at *5 (W.D. Pa. Apr. 4, 2024) ("A habeas petitioner cannot raise new habeas claims in a Reply or in other subsequent filings.").

[2] In her supplemental briefing, C.C.M. requests that this court order the immigration judge to consider alternatives to detention and ability to pay (ECF No. 19 at 11). Although the court will not at present order application of these procedural safeguards, C.C.M. may apply to this court for further relief in the future if she believes that the immigration judge has not afforded her constitutionally adequate procedures. *See Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (establishing a three-factor test for determining whether an immigration bond hearing was fundamentally fair).

[3] In this Motion, C.C.M. took issue with the court asking the parties to provide simultaneous briefing (ECF No. 16 at 1). The court did this to resolve the matter quickly, as it had already concluded that C.C.M. was owed a bond hearing and wanted to confirm the accuracy of the parties' references to C.C.M.'s criminal record. In any event, Respondents filed their brief at 12:47 p.m. on October 22, 2026, while C.C.M. filed her brief at 10:43 p.m. As such, C.C.M.'s request to require Respondents to respond first is moot. In the Motion, C.C.M. also asks the court to order her immediate release, but as stated in this court's previous opinion (ECF No. 14), the relief available under *German Santos* is an individualized bond hearing, not immediate release, regardless of detention statute. *German Santos*, 965 F.3d at 210.